```
1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  JEFFREY D. NEDROW (CABN 161299)
   Assistant United States Attorney
5
       150 Almaden Boulevard, Suite 900
6      San Jose, California 95113
       Telephone: (408) 535-5045
7      FAX: (408) 535-5066
       jeff.nedrow@usdoj.gov
8
   Attorneys for United States of America
9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 5:20-mj-71080-MAG |
| Plaintiff, | |
| v. | ~~PROPOSED~~ DETENTION ORDER |
| JORGE URIEL ESQUIVEL-MENA, | |
| Defendant. | |

On July 29, 2020, defendant Jorge Uriel Esquivel-Mena was charged in Count One of an Indictment filed in the Western District of Washington with conspiracy to distribute 50 grams or more of methamphetamine, 500 grams or more of a mixture and substance containing cocaine, and fentanyl, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A) and (B).  On or about August 5, 2020, the defendant was arrested in this District and subsequently brought before the Court for removal proceedings pursuant to Federal Rule of Criminal Procedure 5(c) (2) and (3).

This matter came before the Court on August 12, 2020 for a detention hearing.  The defendant was present in custody and represented by Federal Public Defender Steve Kalar.  Assistant United States

[PROPOSED] DETENTION ORDER
CR 5:20-mj-71080-MAG

Attorney Jeff Nedrow appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the findings set forth below as the basis for its conclusion. The findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

The defendant faces a serious charge in the Western District of Washington. The government has proffered that defendant played an important role in the conspiracy. The allegations involve significant amounts of controlled substances. If convicted on Count One of the Indictment, the defendant faces a mandatory minimum sentence of ten years imprisonment. The serious nature of the charge and potential penalty provide the defendant with a clear incentive to flee.

In addition, the defendant has ties to Mexico. He is a native and citizen of Mexico. His parents and three brothers live in Mexico. He has lived in Mexico for most of his life. He is not a citizen of the United States. All of these facts demonstrate that the defendant has a realistic and proximate option available to him outside the United States if he chooses to flee.

According to the bail report, the strongest reason the defendant seemed to have not to flee was that he has been living with his wife and child for the last two years. A stable living situation with loved ones can indeed be a reason not to flee. However, information developed at the detention hearing indicates that his family is no longer residing with him. Further, Solano County records reflect that defendant's wife has obtained a protection order, indicating that defendant may be living apart from his family for the foreseeable future. Thus, we have a defendant with an incentive to flee, a place to go, and not much keeping him here.

[PROPOSED] DETENTION ORDER
CR 5:20-mj-71080-MAG

The Court further finds that defendant has waived his right to further removal proceedings pursuant to Federal Rule of Criminal Procedure 5(c) (2) and (3).

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for removal forthwith to the Western District of Washington and confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED:   8/12/2020

_____
HONORABLE THOMAS S. HIXSON
United States Magistrate Judge